IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT FITZCHARLES, | : | |
|     Plaintiff, | : | NO. 3:15-cv-1036 |
| | : | |
| v. | : | |
| | : | (Caputo, J) |
| SUPERINTENDENT MCNALLY, | : | (Saporito, M.J.) |
| LEAH MARTIN, DR. STANISH, | : | |
| NURSE SUSAN SMITH | : | |
|     Defendant. | : | |

REPORT AND RECOMMENDATION

I.   BACKGROUND:

On May 25, 2015, the plaintiff, Robert Fitzcharles ("Fitzcharles") signed a 42 U.S.C. §1983 complaint alleging that prison employees at the State Correctional Institution at Dallas, Pennsylvania ("SCI Dallas") violated his Eighth Amendment rights by failing to provide him with proper medical treatment.[1] Fitzcharles alleged that he received a knee injury and defendant, Dr. Stanish examined him but failed to send him for an MRI or treat him with "the proper attention." (Doc. 1 at 2). In addition to Dr. Stanish, Fitzcharles named as defendants, SCI Dallas

---

[1] Fitzcharles is a prisoner, incarcerated at SCI-Dallas, Pennsylvania. As such, his motion is deemed to have been filed upon presentation to prison authorities for mailing, rather than its receipt by the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988) (Articulating the "prison mailbox rule").

Superintendent McNally, CHCA Ms. Leah Martin, and Nurse Susan Smith. Fitzcharles alleges that McNally, as the superintendent, oversees all institutional staff. Id. He makes no further allegations regarding McNally. Fitzcharles alleged that medical CHCA Leah Martin oversees all medical staff and was directly involved with the treatment that he sought for the injury to his knee. Id. He makes no further allegations regarding Martin. Fitzcharles alleged that Dr. Stanish saw him and examined his knee but failed to send him "out for an MRI or treat [him] with the proper attention needed." Id. Finally, Fitzcharles makes no allegations regarding Nurse Susan Smith nor does he state the date(s) that these alleged events occurred.

We screen Fitzcharles' complaint pursuant to 28 U.S.C. §1915(e)(2), 28 U.S.C. §1915A, and 42 U.S.C. §1997e and for the reasons set forth below, we recommend that Fitzcharles' complaint be dismissed for failure to state a claim upon which relief can be granted with the right to amend his complaint. In addition, we recommend that Fitzcharles' motions for leave to proceed in forma pauperis (Doc. 2) and to appoint counsel (Doc. 6) be held in abeyance pending the district court's ruling on this report

and recommendation and whether Fitzcharles files an amended complaint.

II. Discussion:

   A. Standard of Review:

This court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(in forma pauperis actions); 28 U.S.C. §1915A (actions in which prisoners seek redress from a governmental defendant); 42 U.S.C. §1997e (prisoner actions brought with respect to prisoner conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). Because Fitzcharles proceeds *pro se* his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).

The legal standard for dismissing a complaint for failure to state a claim pursuant to §1915(e)(2)(B)(ii) and §1915A(b)(1) is identical to the legal standard used when ruling on Fed. R. Civ. P.12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless an amendment would be inequitable or futile. See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002).

Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the

speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [necessary elements]" of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but

which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See* Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

In screening Fitzcharles' complaint, we are further guided by the following rules. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105, 97 S.Ct. 285 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05. However, "a prisoner has no right

to choose a specific form of medical treatment," so long as the treatment provided is reasonable. <u>Lasko v. Watts</u>, 373 Fed. Appx. 196, 203 (3d Cir. 2010) (unpublished)(quoting <u>Harrison v. Barkley</u>, 219 F.3d 132, 138-140 (2d Cir. 2000)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. <u>Estelle v. Gamble</u>, 429 U.S. at 105-06. Rather, a prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety. <u>Farmer v. Brennan</u>, 511 U.S. at 834-36 (holding that deliberate indifference requires a sufficiently culpable state of mind such as reckless disregard to a substantial risk of serious harm to a prisoner.)

Here, Fitzcharles' claim as to the treatment of his knee injury is not sufficiently plead to survive 28 U.S.C. §1915 scrutiny. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. at 570 (holding that, in order to survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). Moreover, Fitzcharles failed to identify the date or dates upon which his claim arose and failed to set forth any allegation regarding Nurse Susan Smith other than naming her a defendant in the case caption. The allegations contained in the complaint do not establish that the prison officials acted

with deliberate indifference to a serious medical need. Fitzcharles merely alleges that Dr. Stanish failed to send him for an MRI and to "treat him without proper attention." (Doc. 1 at 2). See Estelle, 429 U.S. at 107 ( a medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.  At most, it is medical malpractice, and as such the proper forum is the state court).

With respect to defendants McNally and Martin, Fitzcharles simply alleges that they over saw institutional personnel. "Civil rights claims cannot be premised on a theory of *respondeat superior*.  Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim."   Millbrook v. United States, ____ F.Supp. 2d ___, 2014 WL 1235778, at *7 (M.D. Pa. Mar. 25, 2014).  As previously explained by the Third Circuit:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . .[P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence,  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.
>
> Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (addressing §1983 claim); Millbrook,2014 WL 1235778, at *8

(quoting <u>Rode</u> in the <u>Bivens</u> context*).*

The complaint fails to allege any personal involvement whatsoever by McNally and Martin. The only facts alleged with respect to them concern their respective supervisory roles as superintendent of the prison and overseer of medical staff.

III. <u>RECOMMENDATION</u>:

Based upon the foregoing, we recommend that Fitzcharles' complaint be dismissed for failure to state a claim upon which relief can be granted and that he be granted leave to amend his complaint. In addition, we recommend that Fitzcharles' motions for leave to proceed in forma pauperis (Doc. 2) and to appoint counsel (Doc. 6) be held in abeyance pending the district court's ruling on this report and recommendation and whether Fitzcharles files an amended complaint.

*<u>s/ Joseph F. Saporito, Jr.</u>*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Date: June 15, 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT FITZCHARLES, | : | |
| Plaintiff, | : | NO. 3:15-cv-1036 |
| | : | |
| v. | : | |
| | : | (Caputo, J) |
| SUPERINTENDENT MCNALLY, | : | (Saporito, M.J.) |
| LEAH MARTIN, DR. STANISH, | : | |
| NURSE SUSAN SMITH | : | |
| Defendant. | : | |

NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated June 15, 2015.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection

is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute wavier of any appellate rights.

                                       ***s/ Joseph F. Saporito, Jr.***
                                       JOSEPH F. SAPORITO, JR.
                                       United States Magistrate Judge

Dated: June 15, 2015